## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| RIVER LIGHT V, L.P. and<br>TORY BURCH LLC, | § <br> § <br> § | |
| Plaintiffs, | § <br> § | Civil Action No. 1:20-cv-7088 |
| vs | § <br> § | JURY TRIAL DEMANDED |
| OLEM SHOE CORP., | § <br> § | |
| Defendant. | § | |

## ORIGINAL COMPLAINT

Plaintiffs River Light V, L.P. and Tory Burch LLC ("TB LLC") (together, "Tory Burch") file this Complaint for trademark infringement, trade dress infringement, trademark dilution, as well as copyright infringement, unfair competition, and other related claims against Defendant Olem Shoe Corp. ("Defendant"), and in support thereof allege as follows.

## NATURE OF THE ACTION

1.      This is a case about Defendant's sale of infringing footwear and blatant copying and unlawful use of Tory Burch's intellectual property, including Tory Burch's well-known Miller Sandal Trade Dress, depicted below, and Tory Burch's iconic TT Logo trademark and copyrighted design.

 

2.      For well over a decade, Tory Burch has sold footwear bearing the distinctive and well-known design that is the Miller Sandal Trade Dress (the "Miller Sandal Trade Dress").  The Miller Sandal line has been a core footwear line for Tory Burch since nearly its inception, and has come to be known by the consuming public and the trade as a staple of the TORY BURCH brand.

3.      The Miller Sandal Trade Dress builds upon the foundation of Tory Burch's iconic TT Logo:



For over fifteen years, Tory Burch, together with its authorized licensees, has used the distinctive and famous TT Logo as its core branding element in connection with the sale of its distinctive style of footwear, handbags, clothing, jewelry, and a variety of other products through TORY BURCH retail boutiques, select high-end specialty stores and department stores, and online at toryburch.com.  In addition to its common law rights in its designs, Tory Burch owns dozens of federal trademark registrations (many of which are incontestable) for the TT Logo, and similar variations thereof, in connection with products, including footwear.  In addition, Tory Burch owns a federal copyright registration for the TT Logo (collectively, Tory Burch's TT Logo and its variations are referred to herein as the "TT Logo Trademark," the TT Logo Trademark together with the Miller Sandal Trade Dress Design are collectively referred to as the "Tory Burch Trademarks," and the copyrighted design of the TT Logo is referred to herein as the "Tory Burch Copyrighted Design.").

4.      Tory Burch has invested significant time, energy, and hundreds of millions of dollars in advertising, promoting, and offering goods and services bearing the Miller Sandal Trade

Dress and TT Logo Trademark.  As a result of that extensive advertising and promotion, as well as other efforts detailed further below in this Complaint, the Tory Burch Miller Sandal Trade Dress, TT Logo Trademark, and Tory Burch Copyrighted Design have become closely and uniquely associated with the TORY BURCH brand and have come to symbolize the high quality that consumers expect from Tory Burch as the source of such products.  Accordingly, Tory Burch enjoys strong consumer loyalty, recognition, and goodwill in the Tory Burch Trademarks and Copyrighted Design.  *See River Light V, L.P. v. Lin & J Int'l, Inc.*, No. 13-Civ-3669, 2014 WL 6850966, at *1 (S.D.N.Y. Dec. 4, 2014) (noting Tory Burch's continuous use and extensive promotion of the TT Logo Trademark as a source identifier for many of its products since 2004 and explaining that there can be no dispute that the public is "moved in some degree to buy Tory Burch products bearing the logo because of their source.").

5.      The Miller Sandal Trade Dress and TT Logo Trademark are distinctive, serve as source identifiers, are well known to retailers and consumers, and embody an enormous amount of goodwill, which is a valuable asset of the company.

6.      In order to protect its intellectual property and the valuable goodwill that Tory Burch has obtained, Tory Burch vigorously enforces its rights through legal actions. Tory Burch has spent significant resources protecting the Tory Burch Trademarks and Copyrighted Design from infringers unlawfully and unfairly attempting to capitalize on Tory Burch's goodwill.

7.      Defendant is such an infringer.  By selling its infringing sandal line, Defendant is willfully infringing Tory Burch's Intellectual Property and unfairly off of Tory Burch's goodwill and reputation. In spite of Tory Burch's clear and longstanding rights in the Tory Burch Trademarks and Copyrighted Design, Defendant has adopted confusingly similar designs, including the one depicted below, and other similar imitations, and uses those designs in

connection with the unauthorized manufacture, production, distribution, marketing, advertisement, offering for sale, and/or sale of infringing products, including footwear (singularly, "Infringing Sandal" and collectively, the "Infringing Sandals").  A comparison of the Miller Sandal and an Infringing Sandal is set forth below:



| Tory Burch Miller Sandal | Infringing Sandal |
|---|---|

As the above comparison photos make clear, the Infringing Sandal viewed in its totality creates the same commercial impression as the Tory Burch Miller Sandal Trade Dress.  Indeed, Defendant positions an imitation large, prominent round medallion with a symmetrical cutout design on its Infringing Sandal in the same size and manner as Tory Burch does its symmetrical TT Logo Trademark on its Miller Sandal, and otherwise mimics the other key elements of Tory Burch's trade-dress design.  Thus, the overall manner in which Defendant designs, markets, and sells its Infringing Sandals replicates the Tory Burch merchandising aesthetic and makes clear that Defendant's adoption and use of the Infringing Sandal designs is not merely a coincidence.

8.     Defendant is not connected or affiliated with Tory Burch, nor does it have permission from Tory Burch to use the Tory Burch Miller Sandal Trade Dress, the TT Logo or the Tory Burch Copyrighted Design, or any other intellectual property belonging to Tory Burch. Rather, Defendant is blatantly exploiting the Tory Burch Trademarks and the Copyrighted Design for Defendant's own commercial gain, intending to confuse and deceive the public by drawing on Tory Burch's goodwill in the marketplace.  Olem deliberately copies the style of the Tory Burch products and its intellectual property.  Moreover, as set forth in more detail below, Defendant clearly has been trying to imitate other of Tory Burch products, revealing its overall intent to unfairly trade off of Tory Burch's goodwill. Thus, Defendant intends to, and is likely to, cause confusion and deceive consumers and the public regarding the source of Defendant's products, and to dilute the value of Tory Burch's intellectual property, all to the detriment of Tory Burch.

9.     Defendant's infringement and dilution of the Tory Burch Trademarks, including the Miller Sandal Trade Dress, and infringement of the Tory Burch Copyrighted Design, have and will continue to irreparably harm Tory Burch and the substantial goodwill it has developed in its brand.  It also has and will continue to cause monetary harm in an amount to be determined at trial.

## JURISDICTION AND VENUE

10.     Tory Burch files this action against Defendant for trademark infringement, trade dress infringement, and trademark dilution under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 *et seq*. (the "Lanham Act"), as well as copyright infringement under 17 U.S.C. § 101, *et seq*., and related claims of unfair competition under the statutory and common law of the State of New York. This Court has subject matter jurisdiction over the trademark and copyright infringement claims under 28 U.S.C. §§1331 and 1338(a).

11.     This Court has supplemental jurisdiction over the state law claims in this Complaint which arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a), since the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

12.     Defendant is subject to both general and specific personal jurisdiction. This Court has personal jurisdiction over Defendant because it regularly conducts business in New York and in this judicial district, including through distribution and sales of its footwear via footwear expositions and through its active website, www.olemshoe.com.   Further, on information and belief, Defendant regularly solicits and conducts business in and/or derives substantial revenue from goods and services provided to residents of New York.   Accordingly, jurisdiction is proper in this Court. This Court also has personal jurisdiction over Defendant because it has committed acts in New York and in this judicial district giving rise to this action.

13.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the claims asserted arose in this district.   Venue is further proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims stated herein occurred in this district.

## **THE PARTIES**

14.     River Light is a subsidiary of TB LLC, and is organized and existing under the laws of the State of Delaware, having its principal place of business at 11 West 19th Street, 7th Floor, New York, New York 10011.   River Light is the record owner of the intellectual property, including the TT Logo Trademark and Tory Burch Copyrighted Design, at issue in the instant action and licenses such trademarks and copyright exclusively to its affiliate TB LLC in the United States for use and sub-licensing in connection with TB LLC's business.

15.    TB LLC is a limited liability corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 11 West 19th Street, 7th Floor, New York, New York 10011.

16.    Upon information and belief, Defendant Olem Shoe Corp. is a domestic entity located at 800 N.W. 21 Street, Miami, FL, 33127.  Defendant is the owner of the registered trademark "PIERRE DUMAS" and uses this as a brand name for its products, including the Infringing Sandals at issue in this lawsuit.  Defendant may be served through its registered agent, Givner Law Group, LLP at 800 N.W. 21 Street, Miami, FL, 33127.  Olem also may be served through its managing agent and President, Roberto Olemberg, at 800 N.W. 21 Street, Miami, FL, 33127.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

**A.    The Famous Tory Burch Brand and Intellectual Property.**

17.    Tory Burch is an American lifestyle brand that inspires people and empowers women around the world to live in full color with character, beauty, and confidence.  Tory Burch launched out of a small boutique in Manhattan's NoLita neighborhood.  Since then, it has grown into a billion-dollar fashion company. The collection is classic in spirit with a modern sensibility, embodying the personal style of the company's founder, Executive Chairman and Chief Creative Officer, Tory Burch. From the beginning, the collection included multiple categories ranging from footwear and ready-to-wear to handbags and home.  Tory Burch operates more than 300 Tory Burch boutiques across North America, Europe, the Middle East, Latin America, Asia and Australia, and the collection is available at over 3,000 department and specialty stores worldwide and toryburch.com. The brand is dedicated to advancing women's empowerment and entrepreneurship through the work of the Tory Burch Foundation.

18.     Tory Burch, together with its authorized licensees, designs, markets, and sells high-quality women's footwear, clothing, handbags, accessories, jewelry, eyewear, and related products under the TORY BURCH brand, the TT Logo Trademark, and the Miller Sandal Trade Dress.

*1.     The TT Logo Trademark and Copyrighted Design.*

19.     The distinctive TT Logo Trademark is at the heart of the TORY BURCH brand and is used in connection with all variety of products, including footwear.  The following are examples of the TT Logo Trademark depicted on Tory Burch footwear:



20.     Tory Burch filed its first federal trademark application to register the TT Logo on September 23, 2003, and began using the TT Logo Trademark in connection with footwear, handbags, and clothing, among other items, in February of 2004.  Tory Burch owns common law rights in and incontestable federal trademark registrations for the TT Logo Trademark in connection with such goods and related services, including specifically for footwear (Exh. 1):

| Mark | Status | Goods/Services |
|------|--------|----------------|
| | Registration<br>Reg. No. 3029795<br>First Use 2/1/04<br>Reg. Date 12/13/05 | 04: Candles<br>14: Jewelry<br>18: Accessories, namely, handbags, umbrellas and cosmetic bags sold empty<br>24: Housewares, namely, towels<br>25: Clothing, namely, shirts, tops, sweaters, pants, skirts, shorts, dresses, bathing suits, bikinis, sarongs, shoes, socks, belts, robes and headwear; outerwear, namely, scarves, jackets, vests, and coats |
| | Registration<br>Reg. No. 3563326<br>First Use 2/1/04<br>Reg. Date 1/20/09 | 18: A full line of handbags<br>25: A full line of women's clothing and footwear |

21.    Tory Burch also owns a copyright registration for the TT Logo (U.S. Reg. No. VA 1-768-387, with a year of creation of 2003 and a date of first publication of February 1, 2004). Exh. 2.

22.    The above-identified registrations are valid, subsisting, incontestable, and in full force and effect. *See River Light V, L.P. v. Lin & J Int'l, Inc.*, No. 13-Civ-3669, 2014 WL 6850966, at *10 (S.D.N.Y. Dec. 4, 2014) (calling the TT Logo Trademark "incontestable").

### 2.    *The Miller Sandal Trade Dress.*

23.    Building upon its famous TT Logo Trademark, and creating a distinctive sandal design that was the first of its kind, Tory Burch launched the Miller Sandal in the Spring of 2008. The Miller Sandal quickly became a fan favorite, drawing praise and unsolicited press coverage from fashion bloggers, fashion designers, celebrities, retailers, and consumers.

24.    The Miller Sandal Trade Dress is a thong sandal comprised of the overall appearance, look and feel of the Miller Sandal, which includes the unique combination and arrangement of various elements as follows:  It is a distinctive thong sandal that features three straps, two flat side straps and one tubular center toe strap.  The three straps intersect with an over-sized and stylized center round medallion, which is centered over the instep.  The distinctive center medallion contains a cutout of the famous TT Logo, which creates the overall impression of a symmetrical design both through the Logo and the negative space created by the cutout.   All three straps weave through the center medallion and fold over to create pronounced folded tabs that highlight the intersection points of the straps with the over-sized medallion. Each folded tab features a prominent grommet and/or conspicuous stitch as ornamental embellishment, as shown below.   The width of the folded tab on each of the two side straps is the same as the width of the strap, which is uniform throughout.



25.    The combination and arrangement of the ornamental elements of the Miller Sandal Trade Dress make the Trade Dress distinctive and immediately identifiable to consumers as being sourced by Tory Burch.

26.    The Miller Sandal Trade Dress design is non-functional and has acquired secondary meaning.

27.    Tory Burch uses only high quality leather, fabric, metal, and/or rubber to construct the Miller Sandal.  Although the tan leather Miller Sandal remains Tory Burch's most popular version of the Miller Sandal Trade Dress, due to the extreme popularity of the Miller Sandal, over the last ten years, and for each season, Tory Burch has offered its consumers fresh and updated Miller Sandal designs in a variety of colors, textures and media, including patent, embossed, textured, smooth, and/or embellished.



28.    Since Spring 2008, Tory Burch has continuously sold the Miller Sandal in interstate commerce throughout the United States. The Miller Sandal is available for purchase in Tory Burch's authorized retailers, in Tory Burch boutiques, and online through Tory Burch's website, including on a separate webpage dedicated to the Miller collection located at https://www.toryburch.com/shoes/Miller.  It also is available online through other authorized retail channels, such as www.nordstrom.com.

29.    Tory Burch invests significant resources to promote the Miller Sandal to consumers in stores, including through special events and displays. The Miller Sandal repeatedly has been featured in Tory Burch's window displays, visible to tens of thousands of passersby each day.

30.    In addition, Tory Burch frequently promotes the Miller Sandal through its social media accounts, including Instagram, Facebook, and Twitter, and also though direct email, reaching millions of consumers who have opted into receiving the company's emails.

31.    Retailers and consumers alike associate the Miller Sandal Trade Dress with the same high-level style and quality they have come to expect from all Tory Burch merchandise and immediately recognize the design as a source-identifier for Tory Burch footwear.

32.    Tory Burch is the owner of the entire right, title, and interest in the Miller Sandal Trade Dress.

### 3.    *Brand Goodwill and Recognition and Significance of Tory Burch Trademarks.*

33.    Over the past fifteen years, the Tory Burch Trademarks, the Tory Burch Trade Dress, the Tory Burch Copyrighted Design, and the TORY BURCH brand have seen a meteoric rise in recognition and popularity.  *See River Light V, L.P.*, 2014 WL 6850966, at *1 (granting Tory Burch's motion for summary judgment as to Defendant's liability for trademark infringement and noting that TORY BURCH is a "well-known fashion brand").  Each year, sales of merchandise

bearing the Tory Burch Trademarks exceed one billion dollars. Moreover, Tory Burch has invested hundreds of millions of dollars in marketing and advertising its goods, trademarks, and designs.

34.    The TORY BURCH brand has a strong media presence, and is frequently covered by fashion blogs, magazines, newspapers, and talk shows. One of the earliest defining moments for Tory Burch was in 2005 when Oprah Winfrey endorsed the brand on her talk show; immediately after Oprah's endorsement, the Tory Burch website received over eight million hits. Exh. 3.    The popular television series Gossip Girl frequently featured Tory Burch products (and Ms. Tory Burch herself made a cameo appearance in an episode in 2009). Exh. 4.

35.    Social media platforms are constantly active with buzz about the TORY BURCH brand, with fans posting photos of recent purchases, commenting on current and future collections, and "pinning" photos of desired products on Pinterest. Tory Burch has over 2,400,000 followers on Instagram, over 2,200,000 likes on Facebook, and over 360,000 followers on Twitter. Exh. 5.

36.    TORY BURCH brand products are particularly popular among the fashion conscious and celebrity trend-setters. Celebrities frequently seen wearing TORY BURCH products include Blake Lively, Oprah Winfrey, Jennifer Lopez, Rashida Jones, Jessica Alba, Hilary Swank, Sarah Jessica Parker, Reese Witherspoon, Pippa Middleton, and Anne Hathaway. Exh. 6. When then First Lady Michelle Obama wore an aqua blue tie-dye TORY BURCH dress to an event in Watertown, Wisconsin; within days, the dress sold out on the Tory Burch website and other online retailers such as Shopbop. Exh. 7.    On another occasion, Kate Middleton was photographed wearing a graphic print TORY BURCH dress during a "play date" with Prince George in New Zealand, and the dress sold out almost immediately on Tory Burch's website and

every other online retailer, including Nordstrom.com, Bloomingdales.com, and Net-a-Porter.  Exh. 8.

37.    Not surprisingly, Tory Burch has received many awards and accolades, including (i) 2019 Glamour Woman of the Year Award; (ii) the 2016 FGI Fashion Star Award; (iii) the 2015 Visionary Award from Fashion Futures; (iv) multiple Forbes Most Powerful Women awards; (v) the 2008 Accessories Designer of the Year award from the Council of Fashion Designers of America; (vi) the 2007 Accessory Brand Launch of the Year award from the Accessories Council of Excellence; and (vii) the 2005 Rising Star Award for Best New Retail Concept from Fashion Group International.  Exh. 9.

38.    The TT Logo Trademark in particular is frequently the subject of unsolicited media coverage and has been repeatedly recognized for its popularity and iconic status. Exh. 10.

- the TT Logo "**has helped make Tory Burch footwear some of the most coveted today**."  Shayna Murphy, "Tory Burch's Semi-Annual Sale Just Got Even Better," USA Today, June 29, 2020, available at https://www.usatoday.com/story/tech/reviewedcom/2020/06/17/tory-burch-sale-save-chic-flats-bags-and-more/3205696001/;

- "The brand, known by its **signature double T logo**." Jennifer Larino, "Tory Burch Opening a New Orleans Boutique This Fall," updated July 11, 2019, available at https://www.nola.com/news/business/article_1267fc88-16ca-5fa2-b110-59d04a3ff0ec.html;

- Tory Burch's "**double-T logo is arguably one of the most recognizable brands** in contemporary fashion." Sissi Cao, "Fashion Icon Tory Burch Doesn't Understand Why the Equal Pay Debate Is Still Going On," June 19, 2019, available at https://observer.com/2019/06/fashion-designer-tory-burch-talks-gender-discrimination-pay-equity/;

- "**Tory's iconic double-T**." Quest, April 2015;

- "**iconic double-T medallion**." "Pretty Smart," Fast Company, September 2014;

- "the **signature Tory Burch emblem.**" Women's Wear Daily, June 2014;

- The "now **instantly recognizable double T logo**." Hal Rubenstein, "The Tory Effect," Delta Sky Magazine, May 2014;

- "It's **the double T medallion that has women screaming . . .**" NBC Today Show, September 26, 2013;

- "**distinctive double-T logo**." Moira Forbes, "Tory Burch's Seven Lessons for Entrepreneurs," Forbes, May 22, 2013;

- "**a stacked-T logo as instantly recognizable** as those of brands established generations prior." Adrienne Gaffney, "Tory Burch," The Wall Street Journal, October 26, 2012;

- "the **iconic Tory Burch logo**." "Madder Men," Forbes, May 7, 2012;

- "bold prints and the **double-T logo medallion are hallmarks** of the affordable luxury Tory Burch brand." Deena M. Amato-McCoy, "Tory Burch," Apparel, May 1, 2012;

- "[The Tory Burch] line, **with its distinctive double T logo**, is now in hundreds of department stores." CBS News Sunday Morning, January 29, 2012;

- "But **the foundation of Burch's brand is her logo, two graphically styled T's. The logo has shaped Burch's concept from the beginning and is one of the most recognizable fashion icons**." Joy Sewing, "Designer Tory Burch Resonates with Us," Houston Chronicle, November 10, 2011, available at https://www.chron.com/life/article/Tory-Burch-resonates-with-us-2260947.php;

- the "**signature double-T medallion**." Terri Sapienza, "Clothes to Home with Tory Burch," The Denver Post, October 24, 2011;

- "**The famous double T LOGO** . . . is Tory Burch's most famous . . ." Urban Dictionary, "Tory Burch."

39.    The Miller Sandal is a well-known design featured as part of the TORY BURCH brand year after year. As of one of the most popular Tory Burch shoes for many years, and "long-time fan favorite," the Miller Sandal has come to be recognized by consumers as identifying Tory Burch as the source of the high quality sandal. Indeed, the

Miller Sandal also separately has received significant unsolicited media coverage, which has recognized the Miller Sandal as "iconic." Exh. 11.

- "**Tory Burch's wildly popular Miller sandals**." Jessica Leigh Mattern, "Tory Burch's Iconic Miller Sandals Are on Major Sale at Nordstrom Right Now," May 7, 2020, available at https://www.instyle.com/fashion/shoes/tory-burch-miller-sandals-sale-nordstrom;

- "**the iconic Miller sandal** with the brand's logo across the top." Marquaysa Battle, "So Many Tory Burch Sandals Are On Sale at Nordstrom and We're Already Stocking Up for Next Summer," US Weekly, March 28, 2020, available at https://www.msn.com/en-us/money/news/50-off-%E2%80%94-tory-burch-sandals-are-on-sale-and-were-stocking-up-to-summer/ar-BBXxebR;

- "selling the **longtime fan-favorite Tory Burch Miller**" Jennifer Kline, "Tory Burch's Rarely-on-sale-flip-flops are 25% Off Right Now at Nordstrom," In the Know, March 18, 2020, available at, https://www.intheknow.com/2020/03/18/tory-burchs-rarely-on-sale-miller-flip-flops-are-up-to-25-off-at-nordstrom/

- calling the **Miller Sandal** "**Truly the best sandals ever**!" Erin Fitzpatrick, "Presenting: The Dresses and Sandals with the Best Nordstrom Reviews," Who What Wear, March 16, 2020;

- the **Miller Sandal** "**feature[s] a cutout of the beloved fashion brand's iconic logo**." Alex Warner, "Hannah Ann Sluss Wore These Super Comfy Sandals on The Bachelor—and You Can Get Them at Nordstrom," People, March 13, 2020, available at https://people.com/style/tory-burch-miller-flip-flops-nordstrom/;

- "**The Miller sandal featuring Tory Burch's laser-cut logo has become a classic for the brand**." Deborah Zhekova, "Stylish and Comfortable Flip Flops to Wear All Summer," Departure, July 15, 2019;

- referring to **the Miller sandal** as "**stylish Tory Burch flip-flops**." Jennifer Zelleski, Northern Virginia, "10 Stylish Sandals to Wear All Summer Long," May 23, 2019;

- "There are virtually unlimited flip flop options. . .but thousands of Nordstrom customers say the **Tory Burch Miller Flip Flops are the only ones you need** in your closet." Alex Warner, "5,000 Nordstrom Reviewers Say These Flip Flops Are Worth Every Penny," People, April 30, 2019;

- "The Tory Burch **Miller Sandal has been one of Tory Burch's best[-] selling styles for years now**.  The **Miller Sandal is an iconic Tory style**, available in a seemingly endless variety of colors and styles; espadrille, jelly, classic leather." Stephanie Pernas, "Seasonless Sandals," Miami Design District, August 28, 2018, available at https://www.miamidesigndistrict.net/blog/entries/743/seasonless-sandals/;

- "Nab the **brand's most coveted shoe style, the Miller Sandal**" Samantha Peters, "7 Best Shoe Deals From Tory Burch Sale; Get Up to 55% Off," Footwear News, August 4, 2018, available at, https://footwearnews.com/feature/tory-burch-shoe-sale-1202650833/;

- "includes some of the brand's best spring looks, including. . . **the iconic Miller sandal**." India Pougher, "Yara Shahidi and Her Mom Star in a New Film for Tory Burch," Elle, April 26, 2018, available at https://www.elle.com/fashion/a20072138/yara-shahidi-tory-burch-mothers-day-film/;

- "the Tory Burch **Miller sandals** are oh so stylish.  They **feature the iconic Tory Burch T-logo medallion and are instantly recognizable**, adding a level of chicness to any outfit." "3 Reasons You Need Tory Burch Miller Sandals," The Shoes Make It, April 2, 2018, available at https://theshoesmakeit.com/3-reasons-you-need-tory-burch-miller-sandals/;

- "**I've been eyeing the Tory Burch Miller sandals since last season**," Ellen Lawson, Star Tribune, "Style Star: Highlight Mariah Herdon," April 9, 2015;

- "The Tory Burch **Miller sandal has become the stylish girl's alternative to the basic flip-flop**. A comfortable **go-to staple**, it goes with everything from your Capris to your bohemian maxi-dress. This version, aptly named Party Fuchsia, is a textural mix of glossy and croc-embossed patent with Tory's signature logo." Heather Dunhill, Sarasota Magazine, "Shop Happy: We Asked Circle Merchants What's Flying Off Their Shelves," January 1, 2014;

- "**Tory Burch Miller** logo flat thong sandal. . . The padded sole, together with the patent strap and gold emblem, makes this shoe **both comfortable and classically chic**," Caitlin Cockerline, Star-Telegram, "Show Off Your Toes with the Hottest-Looking Flip-Flops," June 7, 2011.

40.     As a result of Tory Burch's extensive use and promotion of its brand for over a decade, the Tory Burch Trademarks and the Copyrighted Design have acquired considerable value and recognition; are symbols of Tory Burch's quality, reputation, and goodwill; and serve as instant source-identifiers for Tory Burch's products and services. *See River Light V, L.P.*, 2014 WL 6850966, at *1 (noting Tory Burch's continuous use and extensive promotion of the TT Logo Trademark as a source identifier for many of its products since 2004).

### 4.     *Quality Control and Brand Protection.*

41.     Tory Burch maintains strict quality control standards for all of its products, including footwear. Tory Burch products, including its footwear, are distributed through a carefully controlled network of authorized retailers, including high-end department stores, select quality boutiques, as well as more than 300 TORY BURCH retail boutiques and Tory Burch's Internet web store located at www.toryburch.com.

42.     Such control is necessary, as the TORY BURCH brand, similar to other high-end brands with recognizable trademarks and designs, is the subject of counterfeiting and infringement. Since its inception, Tory Burch has spent significant resources to protect its rights in the Tory Burch Trademarks and the Tory Burch Copyrighted Design, including, but not limited, to legal actions and seizures of counterfeit goods.

## B.     Defendant's Infringing Activities.

43.     Defendant Olem Shoes is pirating and copying Tory Burch's intellectual property, and the years of goodwill and reputation associated with it, causing substantial harm to Tory Burch. Upon information and belief, Defendant is manufacturing, advertising, promoting, distributing, offering for sale, and/or selling the Infringing Sandals in interstate commerce and throughout the State of New York to other retailers, on a wholesale basis, and through its distribution channels,

including through footwear expositions and through its own website, www.olemshoe.com. On information and belief, Defendant has sold the Infringing Sandals to retailers in the State of New York, including this judicial district.

44.    On or around January of 2020, an investigator for Tory Burch purchased a shipment of one case containing eighteen (18) Infringing Sandals for $144.00 from www.olemshoe.com. The Infringing Sandals bear unauthorized reproductions of the Tory Burch Trademarks and Tory Burch Copyrighted Design. After confirming receipt of the order, an employee of Defendant spoke with the Tory Burch investigator about the date the items would ship. Explaining that these sandals "sell out fast," Defendant's representative suggested the investigator purchase an order for March 2020 as well. Defendant shipped the Infringing Sandals to New York, New York.

45.    Upon information and belief, the breadth of Defendant's infringement is extensive, as Defendant has sold thousands of pairs of the Infringing Sandals online and through its third-party retailers, including on Amazon.com, leading to the widespread infiltration of the Infringing Sandals into the marketplace.

46.    Upon information and belief, Defendant uses its social media pages including Facebook https://www.facebook.com/PierreDumasShoes/, its website, and its hashtags and metatags to promote, advertise, and sell the Infringing Sandals in the same channels of trade and to the same consumers as those targeted by Tory Burch.

47.    Defendant continues to offer the Infringing Sandals for sale.

48.    The chart below demonstrates Defendant's unlawful activity by comparing examples of genuine Tory Burch Miller Sandals to Defendant's unauthorized reproduction of the Miller Sandal Trade Dress and TT Logo Trademark on the Infringing Sandals:

| Tory Burch Miller Sandal | Infringing Sandal |
|---|---|



49.    As these images reveal, the overall look and feel of the Infringing Sandals closely mimic the Miller Sandal Trade Dress and copies the elements of the same. The Infringing Sandals are flat thong sandals that contain two flat side straps and one tubular center toe strap.  The Infringing Sandals exhibit an over-sized center medallion that contains an infringing symmetrical cutout design. The symmetrical design contained within the medallion creates the overall

impression of a symmetry both through the design and the negative space created by the cutout. The medallion sits above the instep of the sandal, like the medallion on the Miller Sandal. All three straps weave through the center medallion and fold over to create pronounced folded tabs, which highlight the intersection points of the straps with the over-sized medallion. Each folded tab features a prominent grommet.

50.    Also similar to the Miller Sandal, the Infringing Sandals come in a variety of materials and colors. Indeed, Defendant uses many of the exact same variety of colors and materials meant to mimic the materials Tory Burch uses in its Miller Sandals. The Defendant's Infringing Sandals, however, are of a quality substantially inferior to Tory Burch footwear.

51.    Defendant is not authorized and never has been authorized by Tory Burch to produce, manufacture, distribute, advertise, offer for sale, and/or sell merchandise bearing the TT Logo Trademark, the Miller Sandal Designs, or any variations thereof.

**C.    Consumer Confusion.**

52.    Given the substantial similarity of the two products and looking at the products in their totality, the Infringing Sandals' design creates the same overall consumer impression and therefore is likely to confuse consumers, including particularly in the post-sale context.

53.    Indeed, there is evidence of actual confusion in the market place. Tory Burch recently conducted a likelihood-of-confusion survey, which revealed strong evidence of confusion, finding that 26% of respondents (net of survey noise) mistakenly identified Tory Burch as the source of the Infringing Sandal.

54.    Even Defendant's own retailers and the consuming public view the Infringing Sandals as confusingly similar to the Miller Sandal. For example, Defendant's retailers advertise

the Infringing Sandals as "toryburchlookalikes" and often use the hashtag #toryburch to advertise

them. Exh. 12. Representative examples of social media posts by Defendant's retailers are below:



55.     Consumers often comment how much the Infringing Sandals look like Tory

Burch's Miller Sandal, stating, for example, that the Infringing Sandals "look exactly like" Tory

Burch.  Representative examples are below:



56.    In addition, several third party publications and fashion bloggers refer to the Infringing Sandals as "just like the Miller," "Tory Burch Knock-offs," "Tory Burch look-alikes," and "Tory Burch inspired."

**D.    Defendant's Willfulness.**

57.    Defendant has intentionally designed the Infringing Sandals to imitate the Tory Burch Miller Sandal and, thus, its conduct is willful.  Aside from the substantially indistinguishable look of the Infringing Sandal set forth above, one needs to look no further than Defendant's array of other products to see that Defendant clearly has been trying to imitate Tory Burch products and unfairly trade off of Tory Burch's goodwill.  Representative examples of such products are:

| Tory Burch Shoe | Pierre Dumas Copy |
|---|---|



58.     Defendant is engaging in the above-described illegal trademark and trade dress infringement knowingly and intentionally or with reckless disregard or willful blindness to Tory Burch's rights for the purpose of trading on the goodwill and reputation of Tory Burch.

59.     If Defendant's intentional infringing activities are not permanently enjoined by this Court, Tory Burch and the consuming public will continue to be damaged.

60.     Tory Burch has no adequate remedy at law.

61.     Tory Burch is suffering irreparable injury and has suffered substantial damages as a result of the Defendant's infringing activities.

62.     The injuries and damages sustained by Tory Burch have been directly and proximately caused by the Defendant's wrongful reproduction, use, manufacture, design, distribution, advertisement, promotion, offering to sell, and sale of the Infringing Sandal.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement (Miller Sandal Trade Dress) – 15 U.S.C. § 1125(a))

63.     Tory Burch incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

64.     The Tory Burch Trade Dress is nationally recognized, including within this judicial district, as being affixed to goods and merchandise of the highest quality and originating with Tory Burch.

65.     The total image and overall design and look and feel of the Miller Sandal Trade Dress is highly distinctive and has acquired distinctiveness through secondary meaning which identifies its source as Tory Burch and which distinguishes it from the products of others. Consumers widely associate the total image and overall design as well as the distinctive elements and combination of elements uniquely with Tory Burch.

66.     Long after Tory Burch's adoption and use of the Tory Burch Miller Sandal Trade Dress on its footwear, and after the Tory Burch Miller Sandal Trade Dress acquired secondary meaning, Defendant began manufacturing, marketing, advertising, distributing, selling, and offering for sale the Infringing Sandals in interstate commerce.  Defendant did so without Tory Burch's authorization or consent.

67.     Defendant's use of confusingly similar versions of Tory Burch Miller Trade Dress is without Tory Burch's permission or authority and is in total and willful disregard of Tory Burch's rights to control its trademarks.

68.     Defendant's use of the Infringing Sandals as alleged herein is likely to cause confusion, mistake and deception.

69.     Defendant's unauthorized use of confusingly similar imitations of the Miller Trade Dress in interstate commerce and advertising of the same constitutes false designation of origin and a false representation that the goods and services are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Tory Burch or come from the same source as Tory Burch and are of the same quality as goods bearing the Miller Sandal Trade Dress.

70.     On information and belief, Defendant's acts of infringement have been and continue to be willful, intentional, knowing, and purposeful, in disregard of and indifferent to Tory Burch's rights.

71.     As a direct and proximate result of Defendant's infringing conduct, Defendant has derived benefit and has caused Tory Burch both monetary and non-monetary damage.

72.     Tory Burch has suffered irreparable harm as a result of Defendant's infringing activities and will continue to suffer irreparable harm, in the future unless Defendant is enjoined from its infringing conduct.

73.    In light of the foregoing, Tory Burch is entitled to injunctive relief prohibiting Defendant from using the Miller Sandal Trade Dress or any marks identical and/or confusingly similar thereto for any purpose, and to recover from Defendant all damages, including attorneys' fees, that Tory Burch has sustained and will continue to sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendant as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117.

## SECOND CLAIM FOR RELIEF

### (Trademark Infringement (TT Logo Trademark)– 15 U.S.C. § 1114)

74.    Tory Burch incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

75.    The TT Logo Trademark is nationally recognized, including within this judicial district, as being affixed to goods and merchandise of the highest quality and originating with Tory Burch.

76.    The registrations embodying the TT Logo Trademark are in full force and effect, and entitled to protection under both federal law and common law.

77.    Defendant's unauthorized use of confusingly similar imitations of the TT Logo Trademark in interstate commerce and advertising of the same constitutes false designation of origin and a false representation that the goods and services are manufactured, offered, sponsored, authorized, licensed by, or otherwise connected with Tory Burch or come from the same source as Tory Burch and are of the same quality as goods bearing the TT Logo Trademark.

78.    Defendant's use of confusingly similar versions of the TT Logo Trademark is without Tory Burch's permission or authority and is in total and willful disregard of Tory Burch's rights to control its trademarks.

79.     Defendant's activities are likely to lead to and result in confusion, mistake, or deception and are likely to cause the public to believe that Tory Burch has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendant's commercial and business activities, all to the detriment of Tory Burch.

80.     Upon information and belief, Defendant's acts are deliberate and intended to confuse the public as to the source of Defendant's goods or services and to injure Tory Burch and reap the benefit of Tory Burch's goodwill associated with the TT Logo Trademark.

81.     As a direct and proximate result of Defendant's willful and unlawful conduct, Tory Burch has been damaged and will continue to suffer damage to its business and reputation unless Defendant is restrained by this Court from infringing the TT Logo Trademark.

82.     Defendant's acts have damaged and will continue to damage Tory Burch, and Tory Burch has no adequate remedy at law.

83.     In light of the foregoing, Tory Burch is entitled to injunctive relief prohibiting Defendant from using the TT Logo Trademark or any marks identical and/or confusingly similar thereto for any purpose, and to recover from Defendant all damages, including attorneys' fees, that Tory Burch has sustained and will continue to sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendant as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117.

### THIRD CLAIM FOR RELIEF

### (False Designations of Origin & False Descriptions – 15 U.S.C. § 1125(a))

84.     The Tory Burch Trademarks (TT Logos and Miller Sandal Trade Dress) are inherently distinctive. The Tory Burch Trademarks are nonfunctional and have achieved a high

degree of consumer recognition and serve to identify Tory Burch as the source of high-quality goods to which the Tory Burch Trademarks are affixed.

85.    Defendant's promotion, advertising, distribution, sale, and/or offering for sale of the Infringing Sandals is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of said products, and is intended, and is likely, to cause such parties to believe, in error, that Defendant's Infringing Sandals have been authorized, sponsored, approved, endorsed or licensed by Tory Burch, or that Defendant is in some way affiliated with Tory Burch.

86.    Defendant's use of the Tory Burch Trademarks is without Tory Burch's permission or authority and is in total and willful disregard of Tory Burch's rights to control its trademark and trade dress rights.

87.    Defendant's acts have damaged and will continue to damage Tory Burch and Tory Burch has no adequate remedy at law.

88.    In light of the foregoing, Tory Burch is entitled to injunctive relief prohibiting Defendant from using the Tory Burch Trademarks, or any marks confusingly similar thereto, and to recover all damages, including attorneys' fees, that Tory Burch has sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a result of its infringing acts alleged above in an amount not yet known, as well as the costs of this action.

## FOURTH CLAIM FOR RELIEF

### (Trademark Dilution – 15 U.S.C. § 1125(c))

89.    Tory Burch incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

90.     The TT Logo Trademark is strong and distinctive and has achieved enormous and widespread public recognition, and is thus "famous" within the meaning of the Lanham Act.

91.     The Miller Sandal Trade Dress is highly distinctive and has acquired distinctiveness through secondary meaning, which identifies its source and Tory Burch and which distinguishes it from the products of others.  Retailers and consumers widely associate the overall look and feel of the Miller Sandal Trade Dress with Tory Burch.  The Miller Sandal Trade Dress is non-functional.

92.     Defendant has used, in commerce, in connection with the sale of the Infringing Sandal, unauthorized reproductions of the Tory Burch Trademarks, which are likely to cause, and most likely have caused, confusion or mistake as to the affiliation, connection, or association between Defendant and Tory Burch, or as to the origin, sponsorship, or approval of said Infringing Sandals by Tory Burch.

93.     Defendant's acts described above have diluted and continue to dilute the unique and distinctive Tory Burch Trademarks. These acts violate the Lanham Act, have injured and, unless immediately restrained, will continue to injure Tory Burch, causing damage to Tory Burch in an amount to be determined at trial, as well as irreparable injury to the goodwill and reputation associated with the Tory Burch Trademarks.

94.     Upon information and belief, Defendant's unlawful actions began after the Tory Burch Trademarks became famous.

95.     Upon information and belief, Defendant acted knowingly, deliberately and willfully with the intent to trade on the reputation of Tory Burch, and to dilute the Tory Burch Trademarks.  Defendant's conduct is willful, wanton, and egregious.

96.    Tory Burch has no adequate remedy at law to compensate Tory Burch fully for the damages that have been caused and which will continue to be caused to Tory Burch by Defendant's unlawful acts unless it is enjoined by this Court.

97.    In light of the foregoing, Tory Burch is entitled to injunctive relief prohibiting Defendant from using the Tory Burch Trademarks or any marks identical and/or confusingly similar thereto for any purpose, and to recover from Defendant all damages, including attorneys' fees, that Tory Burch has sustained and will continue to sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendant as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117.

## FIFTH CLAIM FOR RELIEF

### (Copyright Infringement – 17 U.S.C. § 101, *et seq.*)

98.    Tory Burch incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

99.    In addition to its trademark registrations, Tory Burch owns a valid copyright registration in its Tory Burch Copyrighted Design.

100.    Tory Burch has complied in all respects with the Copyright Act and with all other laws governing copyright in connection with its registered works. Tory Burch is the proprietor of all rights, title, and interest to the Tory Burch Copyrighted Design.

101.    As the owner of the Tory Burch Copyrighted Design, Tory Burch is entitled to exclusive use of this design without unauthorized use of the Tory Burch Copyrighted Design by third parties.

102.    Given the widespread popularity of the Tory Burch Products bearing the Tory Burch Copyrighted Design, Defendant had access to said copyrighted work and, upon information

and belief, Defendant has knowingly infringed upon said design by manufacturing, distributing, advertising and selling identical and/or substantially similar copies of the design to the public in violation of 17 U.S.C. § 501.

103.    Upon information and belief, Defendant has intentionally, knowingly, and willfully copied the Tory Burch Copyrighted Design in order to personally benefit from the widespread customer recognition and acceptance of said design, and to capitalize upon the market created by said design.

104.    Upon information and belief, the aforesaid infringements by Defendant of the Tory Burch Copyrighted Design occurred and continue to occur with Defendant's knowledge that such design is copyrighted, and the Defendant, in committing the acts complained of herein, has willfully infringed upon Tory Burch's rights under the Copyright Laws of the United States, Title 17 U.S.C. § 101, *et seq.*

105.    Defendant's infringement of the Tory Burch Copyrighted Design irreparably damages Tory Burch, and Tory Burch is informed and believes that Defendant will continue such infringement unless enjoined by this Court.

106.    Tory Burch has suffered a loss of profits and other damages, and Defendant has earned illegal profits in an amount to be proven at trial, as the result of the aforesaid acts of Defendant.

107.    Tory Burch has no adequate remedy at law.

108.    In light of the foregoing, Tory Burch is entitled to injunctive relief prohibiting Defendant from using Tory Burch's copyrighted works, including the Tory Burch Copyrighted Design, and to recover from Defendant all damages, including attorneys' fees, that Tory Burch has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages

obtained by Defendant as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 17 U.S.C. § 504(b) or statutory damages pursuant to 17 U.S.C. § 504(b), and attorneys' fees and treble damages pursuant to 17 U.S.C. § 505(b).

## SIXTH CLAIM FOR RELIEF

### (Dilution and Injury to Business Reputation – NY General Business Law § 360-l)

109.    Tory Burch incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

110.    Tory Burch owns federal trademark registrations and has common law rights in the Tory Burch Trademarks as set forth above.

111.    Due to Tory Burch's extensive sales of products bearing the Tory Burch Trademarks, and significant marketing and promotional activities of the Tory Burch Trademarks, the Tory Burch Trademarks have achieved widespread acceptance and recognition among the consuming public and the trade throughout the United States and abroad.

112.    Through Tory Burch's prominent, long and continuous use in commerce, including commerce within New York, the Tory Burch Trademarks have become and continue to be famous and distinctive.

113.    Tory Burch's arbitrary and distinctive Tory Burch Trademarks identify Tory Burch as the source/origin of the goods on which they appear.

114.    After the Tory Burch Trademarks became famous, Defendant, without authorization from Tory Burch, began using marks that are confusingly similar to the Tory Burch Trademarks.  Defendant's use of unauthorized reproductions of the Tory Burch Trademarks dilutes and/or is likely to dilute the distinctive quality of those marks and to lessen the capacity of such marks to identify and distinguish Tory Burch's products.  Defendant's unlawful use of the Tory

Burch Trademarks in connection with its inferior products also is likely to tarnish the Tory Burch Trademarks and cause blurring in the minds of consumers between Tory Burch and Defendant, thereby lessening the value of the Tory Burch Trademarks as unique identifiers of Tory Burch's products.

115.    By the acts described above, Defendant has caused and will continue to cause irreparable injury to Tory Burch's goodwill and business reputation, in violation of New York, General Business Law § 360-l (2003).

116.    In light of the foregoing, Tory Burch is entitled to injunctive relief prohibiting Defendant from using the Tory Burch Trademarks, and to recover all damages, including attorneys' fees, that Tory Burch has sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a result of its infringing acts alleged above in an amount not yet known, and the costs of this action.

## SEVENTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement)

117.    Tory Burch incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

118.    Tory Burch owns all rights, title, and interest in and to the Tory Burch Trademarks, including all common law rights in such trademarks.

119.    Defendant, without authorization from Tory Burch, has used and is continuing to use spurious designations that are identical to, substantially indistinguishable from, or confusingly similar to the Tory Burch Trademarks.

120.    The foregoing acts of Defendant are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade

as to whether Defendant's Infringing Sandals originate from, or are affiliated with, sponsored by, or endorsed by Tory Burch.

121.    Defendant's acts constitute trademark infringement in violation of the common law of the State of New York.

122.    Upon information and belief, Defendant has profited from its unlawful actions and has been unjustly enriched to the detriment of Tory Burch.  Defendant's unlawful actions have caused Tory Burch damage in an amount presently unknown, but in an amount to be determined at trial.

123.    Tory Burch has been irreparably harmed and will continue to be irreparably harmed as a result of Defendant's unlawful acts unless Defendant is permanently enjoined from its unlawful conduct.

124.    Tory Burch has no adequate remedy at law.

125.    In light of the foregoing, Tory Burch is entitled to injunctive relief prohibiting Defendant from using the Tory Burch Trademarks, and to recover all damages, including attorneys' fees, that Tory Burch has sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a result of its infringing acts alleged above in an amount not yet known, and the costs of this action.

## EIGHTH CLAIM FOR RELIEF

### (Common Law Unfair Competition)

126.    Tory Burch incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

127.    By the acts described above, Defendant has engaged in unfair competition in violation of the common law of the State of New York.

128.     Defendant's unlawful acts are causing great and irreparable injury to Tory Burch, and will continue to irreparably harm Tory Burch unless enjoined.

129.     Upon information and belief, Defendant has profited from its unlawful actions and has been unjustly enriched to the detriment of Tory Burch.  Defendant's unlawful actions have caused Tory Burch damage in an amount presently unknown, but in an amount to be determined at trial.

130.     In light of the foregoing, Tory Burch is entitled to injunctive relief prohibiting Defendant from using the Tory Burch Trademarks, and to recover all damages, including attorneys' fees, that Tory Burch has sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a result of its infringing acts alleged above in an amount not yet known, and the costs of this action.

## NINTH CLAIM FOR RELIEF

### (Unjust Enrichment)

131.     Tory Burch incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

132.     Through the conduct described above, Defendant was enriched at Tory Burch's expense, and it is against good equity and conscience to permit Defendant to retain any profits or other rewards from its conduct.

133.     Defendant's conduct was with a deceptive intent.

134.     Defendant's conduct has caused, is causing, and will continue to cause Tory Burch to suffer irreparable harm and, unless Defendant is restrained, Tory Burch will continue to be so damaged, because it has no adequate remedy at law.

135.     In light of the foregoing, equity and good conscience require restitution.

## PRAYER FOR RELIEF

**WHEREFORE**, Tory Burch respectfully prays that this Court enter judgment in its favor and against Defendant as follows:

A.      Defendant, its agents, servants, employees, officers, associates, attorneys, and all persons acting by, through, or in concert with any of them, are hereby temporarily, preliminarily, and permanently enjoined from using the Tory Burch Trademarks or any marks, designs or designations confusingly similar thereto and the Tory Burch Copyrighted Design, including, but not limited to:

(1)      manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear the TT Logo Trademark, Miller Sandal Trade Dress, and/or the Tory Burch Copyrighted Design, or any marks/designs identical, substantially indistinguishable, substantially similar, and/or confusingly similar thereto;

(2)      engaging in any other activity constituting unfair competition with Tory Burch, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Tory Burch;

(3)      engaging in any other activity that would dilute the distinctiveness of the TT Logo Trademark and Miller Sandal Trade Dress; and

(4)      committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendant are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Tory Burch;

B.      Ordering Defendant to recall from any distributors and retailers and to deliver to Tory Burch for destruction or other disposition all remaining inventory of Infringing Sandals, or other merchandise bearing the TT Logo Trademark, Miller Sandal Trade Dress, Tory Burch

Copyrighted Design, or any marks confusingly similar or substantially similar thereto, including all advertisements, promotional and marketing materials therefore, as well as means of making same;

C.      Ordering Defendant to file with this Court and serve on Tory Burch within ten (10) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

D.      Ordering an accounting by Defendant of all gains, profits and advantages derived from its wrongful acts;

E.      Awarding Tory Burch all of Defendant's profits and all damages sustained by Tory Burch as a result of Defendant's wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a) and 17 U.S.C. § 504(b);

F.      Awarding treble damages in the amount of Defendant's profits or Tory Burch's damages, whichever is greater, for willful infringement pursuant to 15 U.S.C. § 1117(b);

G.      Awarding applicable interest, costs, disbursements and attorneys' fees, pursuant to 15 U.S.C. § 1117(b) and 17 U.S.C. § 505;

H.      Awarding Tory Burch statutory damages pursuant to 15 U.S.C. §1117(c) and 17 U.S.C. § 504(c);

I.      Awarding Tory Burch punitive damages in connection with its state law claims; on account of Defendant's willful misconduct and fraud and deceit upon the public; and

J.      Such other relief as may be just and proper.

## **<u>DEMAND FOR JURY TRIAL</u>**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Tory Burch demands a trial by jury of all claims in this litigation.

Dated:  August 31, 2020                    Respectfully submitted,

                                           By:  */s/ Natalie L. Arbaugh*
                                                 Natalie L. Arbaugh
                                                 *Pro Hac Vice forthcoming*
                                                 NArbaugh@winston.com
                                                 WINSTON & STRAWN LLP
                                                 2121 North Pearl Street, Suite 900
                                                 Dallas, TX 75201
                                                 (214) 453-6421 Main
                                                 (214) 453-6400 Fax

                                           **ATTORNEY FOR PLAINTIFFS**
                                           **RIVER LIGHT V, L.P. and**
                                           **TORY BURCH LLC**