UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RIVER LIGHT V, L.P. and
TORY BURCH LLC,

        Plaintiffs,

  v.

OLEM SHOE CORP.,

        Defendant.

C.A. No. 1:20-cv-07088-LGS

**AGREED PROTECTIVE ORDER**

    Upon agreement of all the Parties for a Protective Order pursuant to Federal Rule of Civil Procedure 26, the Court enters the following Agreed Protective Order to govern discovery in this case between Plaintiffs RIVER LIGHT V L.P. and TORY BURCH LLC (collectively "Plaintiffs"), and Defendant OLEM SHOE CORP. (all of the foregoing are singularly referred to as a "Party" or collectively referred to as the "Parties").

    It is, therefore, ORDERED, ADJUDGED and DECREED as follows:

    1.    All information (including documents) produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.

    2.    "Classified Information," as used herein, means any information of any type, kind or character which is designated as "Confidential" or "Attorneys' Eyes Only—Highly Confidential" by any of the supplying or receiving Parties, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, responses to request for admission, deposition testimony, deposition

transcripts and exhibits, any summaries of any such discovery or responses, or otherwise, as long as so designated in conformance with the terms of this Protective Order. In designating information as "Confidential" or "Attorneys' Eyes Only—Highly Confidential," a Party will make such designation only as to that information that it in good faith believes contains confidential or highly confidential information. Information or material which is available to the general public at the time of its disclosure, including catalogues, advertising materials, and the like shall not be classified.

3. Documents or other information produced in this action may be designated by any Party or Parties as "Confidential" or "Attorneys' Eyes Only—Highly Confidential" information by marking each page of the document(s) or other information so designated with a stamp stating "Confidential" or "Attorneys' Eyes Only—Highly Confidential." In lieu of marking the original of a document, if the original is not produced, the designating Party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection. All documents to be inspected shall be treated as "Attorneys' Eyes Only—Highly Confidential" during inspection. At the time of copying for the receiving Parties, such inspected documents shall be stamped prominently "Confidential" or "Attorneys' Eyes Only—Highly Confidential" by the producing Party. It is the general expectation that all documents will be marked as discussed above, but in the event it is not practical to mark a document or a collection of documents "Confidential" or "Attorneys' Eyes Only – Highly Confidential," the producing party may so designate the document or collection with a transmittal letter or other such attachment.

4. A Party may designate as "Confidential" any document or any portion of a document, and any other thing, material, testimony, or other information that it reasonably and in

good faith believes contains or reflects proprietary or confidential information that it desires not to be made public and that is not already in the public domain at the time of its disclosure.

5. Except as agreed by the designating Party or its counsel or as otherwise provided herein, "Confidential" Material subject to this Protective Order or extracts or summaries therefrom shall be given or shown only to any "Qualified Person," which for purposes of "Confidential" material shall consist of:

 (a) Attorneys of record for the parties in the litigation and employees of such attorneys to whom it is necessary that the material be shown for purposes of the litigation;

 (b) Inside attorneys for any Party engaged in the litigation of this action and the regular employees of such attorneys to whom it is necessary that the material be shown for purposes of litigation;

 (c) Employees of a corporate Party actively engaged in assisting that Party's attorneys in the conduct of this litigation to the extent reasonably necessary to enable the attorneys for that Party to render professional services in the litigation;

 (d) Persons not employees of any Party who are expressly retained to assist such Party's counsel ("Retaining Counsel") in the preparation of this action for trial including, but not limited to, consulting and testifying experts, independent auditors, accountants, statisticians, economists, and other experts, and the employees of such persons ("Outside Experts"), after such Outside Expert has signed and delivered to retaining counsel a statement in the form annexed hereto as Exhibit "A."

 (e) The Court, other court officials (including court reporters) and the trier of fact, pursuant to a sealing order.

 (f) Any outside vendors or litigation support services (*e.g.*, copy services, document management services, translators, or graphics services), jury consulting services or mock jurors that are assisting outside counsel in the prosecution, defense, and/or appeal of this action, provided that any jury consulting services and mock jurors are required to sign and deliver to retaining counsel a statement in the form annexed hereto as Exhibit "A"; and

 (g) Any other person who subsequently is designated either by (i) written agreement of all the Parties after a request by one of them or (ii) by order of the Court upon motion by a Party, after notice to all the Parties.

No person allowed to view "Confidential" Material shall use any "Confidential" Material for any purpose except as needed solely in connection with or to assist in the prosecution or defense of the claims between the Parties, and each person shall make best efforts necessary to protect the confidentiality of the material.

6. A Party may designate as "Attorneys' Eyes Only—Highly Confidential" any document or portion of a document and any other thing, material, testimony, or other information that it reasonably and in good faith believes is of such a personally sensitive nature or of a commercially or competitively sensitive nature that disclosure to persons other than those specified in paragraph 7 could reasonably be expected to or has the potential to result in injury to that Party or would unnecessarily violate the privacy rights of a particular person or individual. "Attorneys' Eyes Only—Highly Confidential" information shall include without limitation information that is not known or available to the public and that constitutes or contains trade secrets, proprietary business or technical information, financial information, manufacturing terms, product sources, manufacturing agents, pricing, costs, sales, customer information, other research, development or commercial information that is competitively sensitive, or personal and confidential information of any individual that would unnecessarily infringe upon the protected privacy rights of the individual(s) and/or unnecessarily publicize private facts concerning the individual(s).

7. Except as agreed by the designating Party or its counsel or as otherwise provided herein, "Attorneys' Eyes Only—Highly Confidential" Material subject to this Protective Order or extracts or summaries therefrom shall be given or shown only to "Qualified Person," which for purposes of "Attorneys' Eyes Only—Highly Confidential" material shall consist of:

    (a)    Outside attorneys for any Party engaged in the litigation of this action and the regular employees of such attorneys to whom it is necessary that the material be shown for purposes of litigation.

    (b)    Those persons listed in paragraphs 5(d)-(g) above.

8. No person allowed to view "Attorneys' Eyes Only—Highly Confidential" Material shall use any "Attorneys' Eyes Only—Highly Confidential" Material for any purpose except as needed solely in connection with or to assist in the prosecution or defense of the claims between the Parties, and each person shall make best efforts necessary to protect the confidentiality of the Material.

9. The receiving party's counsel shall maintain a sufficient record of all executed Exhibit As in the event propriety of access to "Confidential" or "Attorney's Eyes Only" information ever becomes a contested or disputed issue in the case. In the event that a witness is testifying (or has testified) and it is determined that the witness has seen a document that is designated as "Confidential" and "Attorney's Eyes Only," upon request by a Party, a copy of that witnesses' executed Exhibit A shall be produced to the other Party. In addition, once a testifying expert has been disclosed in the case, a Party may request a copy of the executed Exhibit A for that expert.

10. Nothing in this Protective Order is intended to prevent a Party or its employees from reviewing the Party's own "Confidential" or "Attorneys' Eyes Only—Highly Confidential" Material, or from reviewing Classified Material which the reviewer is shown from the face thereof as having received or authored.

11. Information disclosed at (a) the deposition of a Party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party (which information pertains to a Party) may be designated by any Party as "Confidential" or "Attorneys' Eyes Only—Highly Confidential" information by indicating on the record at the deposition that the testimony is "Confidential" or "Attorneys' Eyes Only—Highly Confidential" and is subject to the provisions of this Order. Any

5

Party may also designate information disclosed at such deposition as "Confidential" or "Attorneys' Eyes Only—Highly Confidential" by notifying all of the Parties in writing within twenty-one (21) days of receipt of the transcript of the specific pages and lines of the transcript which should be treated as "Confidential" or "Attorneys' Eyes Only—Highly Confidential" thereafter. Each Party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody or control. All deposition transcripts shall be treated as "Attorneys' Eyes Only—Highly Confidential" for a period of twenty-one (21) days after all Parties' receipt of the transcript. Further, all testimony concerning a particular document or exhibit shall be treated consistently with the confidentiality designation of the underlying document.

12. To the extent possible, the court reporter shall segregate into separate transcripts information designated as "Confidential" or "Attorneys' Eyes Only—Highly Confidential," with blank, consecutively numbered pages being provided in a nondesignated main transcript. The separate transcript containing "Confidential" and/or "Attorneys' Eyes Only—Highly Confidential" information shall have page numbers that correspond to the blank pages in the main transcript.

13. Copies of "Attorneys' Eyes Only—Highly Confidential" information provided to a receiving Party shall be maintained in the offices of outside counsel for Plaintiff(s) and Defendant as applicable. Any documents produced in this litigation, regardless of classification, which are provided to Qualified Persons, shall be maintained only at the office of such Qualified Person and only working copies shall be made of any such documents. Copies of documents produced under this Protective Order may be made, or exhibits prepared by independent copy services, printers or illustrators for the purpose of this litigation.

14. Documents produced prior to entry of this Order shall be retroactively designated by notice in writing of the designated class of each document by Bates number within thirty (30) days of the entry of this Order. No such designation is necessary, however, if documents have already been so designated and treated as confidential or highly confidential per previous agreement of the Parties, as this Protective Order shall govern those designations going forward.

15. Documents unintentionally produced without any confidentiality designation may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving Party. The inadvertent or unintentional disclosure of any confidential information shall not be construed to be a waiver, in whole or in part, of the Plaintiffs' or Defendant's claims of confidentiality, either as to the specific confidential information disclosed or as to other related information. Upon receipt of any supplemental notification to designate information as "Confidential" or "Attorneys' Eyes Only—Highly Confidential," all information so designated or redesignated shall be fully subject to this Order as if it had been initially so designated; *provided*, *however*, that no party shall incur liability for any previous treatment or disclosure of such information in conformance with the original designation. If a party has previously disclosed the Classified Information to persons who would not be entitled to see such information under the new confidentiality designation, that party shall make all reasonable efforts to retrieve the Classified Information from those unauthorized persons.

16. Nothing herein shall prevent disclosure beyond the terms of this Order if each Party designating the information as "Confidential" or "Attorneys' Eyes Only—Highly Confidential" consents in writing to such disclosure or, if the court, after notice to all affected Parties, and the Parties have an opportunity to be heard, orders such disclosure. Nor shall anything herein prevent any counsel of record from utilizing "Confidential" or "Attorneys' Eyes Only—

Highly Confidential" information in the examination or cross examination of any person who is indicated on the document as being an author, source or recipient of the "Confidential" or "Attorneys' Eyes Only—Highly Confidential" information, or who is disclosed or identified in any such document, irrespective of which Party produced such information.

17. A Party shall not be obligated to challenge the propriety of a designation as "Confidential" or "Attorneys' Eyes Only—Highly Confidential" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any Party to this litigation disagrees at any stage of these proceedings with the designation by the designating Party of any information as "Confidential" or "Attorneys' Eyes Only—Highly Confidential," or the designation of any person as a Qualified Person, the parties shall first attempt to resolve such dispute informally, such as by providing redacted versions of the challenged document(s). Thereafter, if the parties cannot resolve such dispute, the objecting Party may invoke this Protective Order by objecting in writing to the Party who has designated the document or information as "Confidential" or "Attorneys' Eyes Only—Highly Confidential." The objecting Party shall be required to move the Court to resolve such a disagreement within fourteen (14) days after serving the designating party with the formal, written objection under this paragraph. During the pendency of any such motion, the objecting Party shall treat the information consistent with its designation, including disclosing such information only to the permitted Qualified Persons.

18. The Parties may, by written stipulation, provide for exceptions to this Order and any Party may seek an order of this Court modifying this Protective Order for good cause.

19. Nothing shall be regarded as "Confidential" or "Attorneys' Eyes Only—Highly Confidential" information if it is information that either:

    (a)    is in the public domain at the time of disclosure, as evidenced by a written document;

(b) legitimately and legally becomes part of the public domain through no fault of the other Party, as evidenced by a written document;

(c) the receiving Party can show by written document that the information was in its rightful and lawful possession at the time of disclosure; or

(d) the receiving Party lawfully receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving Party.

20. All Confidential Information or Highly Confidential Information filed with the Court shall be filed under seal pursuant to the following procedures: Pursuant to Section I.D.3 of the Court's Individual Practices in Civil Cases, the filing party shall: (a) publicly file the document with the proposed redactions, and (b) electronically file under seal a copy of the unredacted document with the proposed redactions highlighted. Both documents must be electronically filed through the ECF system and related to the motion. If the submission exceeds 25 pages, a hard copy shall be delivered by hand, or by mail or overnight courier such as FedEx if hand delivery is impracticable. If the party with the interest in confidential treatment is not the filing party, the party with an interest in confidential treatment shall promptly file a letter on ECF within two business days in support of the motion, explaining why it seeks to have certain documents filed in redacted form or under seal.

21. If any party objects to identified portions of the materials remaining under seal, it shall, within ten (10) business days of submission of the materials, state its objection in a letter emailed to counsel for all parties in this action. The interested parties shall promptly meet and confer to attempt to resolve those objections and, if they cannot be resolved, shall promptly tender those objections to the Court for resolution. Any revised public electronic filing, if any, of that submission shall be made by the submitting party within ten (10) business days after the Court's decision resolving that dispute.

22. A non-party producing Classified Information in this action may designate any portion of that as "Confidential" or "Attorneys' Eyes Only—Highly Confidential" in accordance with the terms of this Order. Furthermore, all discovery material produced by non-parties shall be treated as Confidential Information for a period of 30 days from its production and receipt by all Parties. During that period, any party may designate that discovery material as "Confidential" or "Attorneys' Eyes Only—Highly Confidential" regardless of whether or how the producing non-party has designated it. Non-party materials designated as "Confidential" or "Attorneys' Eyes Only—Highly Confidential" Information by any non-party or party shall be governed by the terms of this Order. Any party seeking to challenge the designation of information by a non-party, or seeking to use such information in proceedings where it may become a part of the public record, shall provide notice to the non-party in sufficient time to allow the non-party to appear and/or to respond to the challenging party, and in any event not less than 10 days' written notice.

23. This order shall not bar any attorney herein in the course of rendering advice to his client with respect to this litigation from conveying to any Party client his evaluation in a general way of "Confidential" or "Attorneys' Eyes Only—Highly Confidential" information produced or exchanged herein; *provided*, *however*, that in rendering such advice and otherwise communicating with his client, the attorney shall not disclose the specific contents of any "Confidential" or "Attorneys' Eyes Only—Highly Confidential" information produced by another Party herein, which disclosure would be contrary to the terms of this Protective Order.

24. Any Party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order.

25. The provisions of this Order shall not affect the admissibility of evidence at trial or any preliminary evidentiary proceeding in open court, except as directed by separate order entered for good cause shown.

26. The parties shall confer and attempt to agree before any trial or other hearing on the procedures under which "Confidential" or "Attorneys' Eyes Only—Highly Confidential" information may be introduced into evidence or otherwise used at such trial or hearing. Upon reaching agreement, the parties shall give notice of the terms of such agreement to each non-party producing any "Confidential" or "Attorneys' Eyes Only—Highly Confidential" Information which may be used or introduced at such trial or bearing. Absent agreement, the Court shall be asked to issue an order governing the use of such "Confidential" or "Attorneys' Eyes Only—Highly Confidential" Information at trial or hearing upon reasonable notice to all parties and non-parties who have produced such information. The parties shall provide non-parties with notice of potential use at trial or hearing of any "Confidential" or "Attorneys' Eyes Only—Highly Confidential" information produced by them if and when they are listed as potential exhibits in the required filings prior to commencement of trial or other hearing. The parties shall give notice as soon as practicable after "Confidential" or "Attorneys' Eyes Only—Highly Confidential" Information which is not listed on the exhibit list is determined to be used by counsel for a party in the course of examination or cross-examination at trial or other hearing.

27. Promptly after the running of any applicable time to appeal the final order entered in this litigation, each party shall return or destroy any Discovery Material, including all copies thereof, that the producing party or non-party has provided. If the possessing party elects to destroy the Discovery Material rather than return it, the possessing party shall provide the producing party written certification that the destruction has been completed. Nothing in this

provision shall limit the rights, if any, of any party or non-party to object to and seek a ruling of the Court concerning a parties' retention of any discovery material. Notwithstanding this provision, outside counsel of record in this litigation are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain material designated pursuant to this Order. Any such archival copies that contain or constitute material designated as "Confidential" or "Attorneys' Eyes Only—Highly Confidential" Information remain subject to this Order. Notwithstanding the provisions of this paragraph, inaccessible copies of Discovery Material, including electronic copies created through the routine operation of the recipient(s)' standard archival and backup procedures, do not need to be returned or destroyed. As far as the provisions of this Order or any other protective orders entered in this litigation restrict the use of "Confidential" or "Attorneys' Eyes Only—Highly Confidential" Information, the Order or such other protective orders shall continue to be binding after the conclusion of this litigation.

28. This Order shall not affect the right of any party or non-party to oppose production of discovery material or Classified Information on any ground permitted by the Federal Rules of Civil Procedure, including any applicable privilege. Moreover, this Order shall not affect the scope of discovery by any party that is not otherwise proper under the Federal Rules of Civil Procedure.

29. Nothing in this Order shall prejudice the right of any party or non-party to move the Court to broaden or restrict the rights of access to and use of particular Classified Information, or to seek modifications of this Order upon due notice to all other parties and affected non-parties.

## Exhibit A: STATEMENT

1. I am familiar with and agree to be bound by the terms of the Protective Order in the litigation styled *River Light V, L.P. and Tory Burch LLC v. Olem Shoe Corp.*, in the United States District Court, Southern District of New York.

2. I will only make such copies of or notes concerning documents designated "Confidential" or "Attorneys' Eyes Only—Highly Confidential" as are necessary to enable me to render the assistance required in connection with this litigation, and, all such notes and copies shall be preserved in a separate file maintained as confidential and marked for disposal or destruction upon completion of this litigation. Upon the final determination of this action, I shall promptly destroy all "Confidential" or "Attorneys' Eyes Only—Highly Confidential" materials provided to me as well as any notes or derivations thereof.

3. I will not intentionally reveal the contents of "Confidential" or "Attorneys' Eyes Only—Highly Confidential" Material to any unauthorized person.

4. I will not intentionally use "Confidential" or "Attorneys' Eyes Only—Highly Confidential" Material or any other information (including documents) of another Party produced in this action for any purpose other than the prosecution or defense of claims in this action.

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

The above Agreed Protective Order is adopted as an Order of the Court except that the parties are advised that the Court retains unfettered discretion whether or not to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

SO ORDERED.     Dated: February 1, 2021     New York, New York

**RESPECTFULLY SUBMITTED AND
APPROVED FOR ENTRY:**

By: */s/ Natalie L. Arbaugh*  By: */s/ Mark S. Kaufman*

| | |
|---|---|
| Natalie L. Arbaugh | Mark S. Kaufman |
| *Admitted Pro Hac Vice* | *Admitted, State Bar of New York* |
| NArbaugh@winston.com | Kaufman@KaufmanKahn.com |
| (214) 453-6421 Tel. | (212) 293-5556 Tel. |
| Chante Westmoreland | Kaufman & Kahn, LLP |
| *Admitted Pro Hac Vice* | 155 East 44th Street, 19th Floor |
| CWestmoreland@winston.com | New York, NY 10017 |
| (713) 651-2794 Tel. | |
| Winston & Strawn LLP | Bernardo Burstein |
| 2121 North Pearl Street, Suite 900 | *Admitted Pro Hac Vice* |
| Dallas, TX 75201 | BBurstein@bursteinpa.com |
| (214) 453-6400 Fax | (305) 957-7066 Tel. |
| | Burstein & Associates, P.A. |
| | 13744 Biscayne Boulevard |
| | North Miami Beach, FL 33181 |

**ATTORNEYS FOR PLAINTIFFS**  **ATTORNEYS FOR DEFENDANT**
**RIVER LIGHT V, L.P. and**  **OLEM SHOE CORP.**
**TORY BURCH LLC**