UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
: 
RIVER LIGHT V, L.P., et al., :
                Plaintiffs, :
:   20 Civ. 7088 (LGS)
        -against- :
:   <u>ORDER</u>
OLEM SHOE CORP., et al., :
                Defendants. :
:
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

    WHEREAS, on December 17, 2021, Defendant Olem Shoe Corp. filed a motion for summary judgment (Dkt. No. 107), and on January 21 and January 27, 2022, Plaintiffs filed motions to seal portions of the memoranda of law and exhibits filed in opposition to Defendant's motion and in support of Plaintiffs' cross-motion for summary judgment (Dkt. Nos. 134, 139, 140, 143, 145, 149, 150, 152, 154, 156, 158, 166, 170, 172, 174, 176, 178, 180, 182, 184, 186, 188, 190, 192, 194, 213, 216);

    WHEREAS, on March 25, 2022, Plaintiffs filed a motion to seal portions of the memorandum of law and exhibits filed in further support of Plaintiffs' cross-motion for summary judgment and portions of Plaintiffs' proposed motion to strike (Dkt. Nos. 219, 221). It is hereby

    **ORDERED** that the motion to seal is **DENIED** without prejudice to renewal. "The common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute, and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (internal quotation marks omitted); *see also Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the

particular case."). The documents and portions thereof that Plaintiffs seek to seal or redact appear to encompass all discovery material quoted or described that was designated "confidential" or "highly confidential." The parties' confidentiality designations are not dispositive of whether the public's right of access to judicial documents overcomes competing considerations, such as the need to protect competitively sensitive information. It is further

**ORDERED** that Plaintiffs shall file, by **September 9, 2022**, a renewed motion to seal any materials that Plaintiffs seek to maintain under seal. Plaintiffs shall attach to that motion -- or to a declaration -- redacted versions of any previously redacted or sealed documents for which Plaintiffs consent to narrower redactions than those previously filed. Plaintiffs shall also file under seal unredacted versions of those documents, with the redacted portions highlighted. Plaintiffs shall support each request to redact or maintain information under seal with the basis for the request. To the extent a further explanation is required, counsel may file a letter with such further explanation or argument.

The Clerk of Court is respectfully directed to close motions at Dkt. Nos. 121, 165 and 218. The Clerk of Court is respectfully directed to maintain all currently sealed documents under seal pending a possible renewed motion to seal by Plaintiffs.

Dated: August 17, 2022
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

2