UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                                       :

RIVER LIGHT V, L.P., et al.,                        :
                              Plaintiffs,   :
                                                    :           20 Civ. 7088 (LGS)
                     -against-               :
                                                    :               <u>ORDER</u>
OLEM SHOE CORP.,                              :
                                       Defendant.  :
                                                    :
-------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, on September 9, 2022, pursuant to the Order dated August 17, 2022, Plaintiffs filed a renewed motion to file under seal limited portions of their opposition to Defendant's motion for summary judgment and cross-motion for summary judgment, supporting declarations and exhibits and Plaintiffs' reply in further support of their cross-motion for summary judgment. Redacted versions of such documents were publicly filed at Dkt. No. 230, and unredacted versions were filed under seal at Dkt. No. 231.

      WHEREAS, "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," but this right is not absolute, and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (internal quotation marks omitted); *see also Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."). It is hereby

      **ORDERED** that the renewed motion to seal is **GRANTED** in substantial part. The redactions requested of those documents filed under seal at Dkt. No. 231 and attachments thereto, except for Dkt. No. 231-1, are granted, and only the parties and individuals identified in the

Appendix to Plaintiffs' letter at Dkt. No. 232 shall have access to the unredacted versions.  Filing the documents with redactions or under seal is necessary to prevent the disclosure of competitively sensitive information, including Plaintiff Tory Burch's sales and marketing figures, information about Tory Burch's marketing strategy and product cost, design and quality control and portions of a settlement agreement and subpoena responses from third parties.  The potential harm to Plaintiffs if this information was disclosed to competitors outweighs the presumption of public access.  It is further

**ORDERED** that the document filed under seal at Dkt. No. 231-1, shall be publicly refiled with the redactions requested, <u>except</u> that Plaintiffs shall remove the redaction of the word "billions" on page 47/76 of Dkt. No. 231-1 and only the parties and individuals identified in the Appendix to Plaintiffs' letter at Dkt. No. 232 shall have access to the unredacted versions.  The recent summary judgment Opinion disclosed that sales of Tory Burch merchandise have generated "billions of dollars in sales."  The Court determined that this fact was important to the decision, and that its disclosure, particularly given its generalized content, outweighed Plaintiff's privacy interest in keeping that fact under seal.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 228 and to maintain all currently sealed documents under seal.

Dated: September 28, 2022
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE