```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
RIVER LIGHT V, L.P., et al.,                                 :
                                        Plaintiffs,          :
                                                             :            20 Civ. 7088 (LGS)
                 -against-                                   :
                                                             :                 ORDER
OLEM SHOE CORP.,                                             :
                                        Defendant.           :
                                                             :
-------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, the Opinion and Order dated September 27, 2022 (the "Opinion") denied summary judgment on all of Plaintiffs' claims, except the claim for an order requiring Defendant to abandon its related two trademark applications (the "Denial of Registration Claim"), on which summary judgment was granted. In relevant part, the Opinion held: "Defendant similarly seeks summary judgment on [the Denial of Registration Claim] on the ground that the claim is moot because the USPTO issued a certificate for registration of the Olem Medallion. As Plaintiffs did not address this argument in their reply, the claim is deemed abandoned and summary judgment is granted on this claim." The Opinion also denied as moot Plaintiffs' letter motion to strike new arguments because it pertained to Defendant's summary judgment motion, "which was denied."

WHEREAS, on October 11, 2022, Plaintiffs moved for reconsideration of the Court's Order granting summary judgment on the Denial of Registration Claim (the "Motion"). Plaintiffs assert that (1) the Denial of Registration Claim is not moot because one of the relevant trademark applications remains pending at the United States Patent and Trademark Office (the "USPTO"), and Plaintiffs have preserved their ability to seek cancellation of the newly-issued registration; and (2) as Plaintiffs set forth in their letter motion to strike, they did not have the opportunity to respond to Defendant's mootness argument raised for the first time in its reply,

and therefore did not abandon their claim.  Defendant filed an opposition to the Motion on October 20, 2022.

WHEREAS, a motion for reconsideration should be granted "only when the [party seeking reconsideration] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (internal citation omitted).  The standard "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* (internal citation omitted).  A motion for reconsideration is not "a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted); *accord Dill v. JPMorgan Chase Bank, N.A.*, No. 19 Civ. 10947, 2021 WL 3406192, at *11 (S.D.N.Y. Aug. 4, 2021).  The decision to grant or deny a motion for reconsideration rests within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009); *accord Strougo v. Barclays PLC*, 334 F. Supp. 3d 591, 595 (S.D.N.Y. 2018).

WHEREAS, Plaintiffs have made a sufficient showing of "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," to warrant reconsideration.  *Cho*, 991 F.3d at 170.  Plaintiffs did not, as the Opinion suggests, abandon the Denial of Registration Claim by failing to address the mootness argument in their opposition.  Rather, Defendant raised the mootness argument for the first time on February 28, 2022, in its reply memorandum, which Plaintiffs promptly opposed in their letter motion to strike.  The claim was, therefore, preserved.

Defendant's arguments to the contrary are unpersuasive.  The issues raised -- that Plaintiffs introduced new matters "not of record" to support the Motion and commenced collateral proceedings in the Trademark Trial and Appeal Board to cancel Defendant's trademark registration -- fail to address the merits of the Motion.  For the reasons stated above, reconsideration is granted.

WHEREAS, addressing Defendant's motion for summary judgment on the Denial of Registration Claim de novo, the Denial of Registration Claim is reinstated in part.  Defendant's first argument -- that summary judgment should be granted because "the designs are not confusingly similar" -- fails.  The Opinion held that, "construing the evidence in favor of Plaintiffs, as the non-moving parties, a reasonable jury could conclude that there is a likelihood of confusion."  Defendant's second argument -- that the claim should be dismissed as moot -- succeeds in part.  Defendant contends, and Plaintiffs do not dispute, that the USPTO issued a certificate for registration on one of the applications (the "'413 Application").  Plaintiffs' claim as to the '413 Application is therefore mooted.  The second application (the "'979 Application") remains pending before the USPTO and has been suspended pending the resolution of this case.  Defendant's mootness argument as to the '979 Application fails, and the Denial of Registration Claim is reinstated in part, only as to the '979 Application.

WHEREAS, Plaintiffs ask the Court to exercise its discretion under 15 U.S.C. § 1119 to order the cancellation of Defendant's new registration on the same grounds.  In light of the outstanding issues of fact that first need to be resolved, the request is denied without prejudice to renewal.  It is hereby

**ORDERED** that Plaintiffs' motion for reconsideration is **GRANTED** in part. The Denial of Registration Claim as to the '979 Application is reinstated. Plaintiffs' request to cancel Defendant's new registration is denied without prejudice to renewal.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 239.

Dated: November 4, 2022
       New York, New York

*[signature]*
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE